USDC SCAN INDEX SHEET



SANTORO

CTC FORECLOSURES SVC

TLW    5/12/98    16:02
3:97-CV-01297
*39*
*AMDCMP.*

LOUIS G. BRUNO, #137898
A Professional Law Corporation
456 E. Grand Ave. Ste. 301
Escondido, CA 92025
(619) 746-9973

Attorney for: JOSEPH SANTORO and GRACE SANTORO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANTORO and GRACE SANTORO,<br><br>     Plaintiffs,<br><br>v.<br><br>CTC FORECLOSURE SERVICES CORP. aka COUNRTYWIDE TITLE CORP. a California Corporation, COUNTRYWIDE FUNDING CORPORATION, a California Corporation, and DOES 1 through 15 inclusive,<br>     Defendants. | Case No. 97 cv 1297 - BTM(JFS)<br><br>AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF STATE FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR BUSINESS PRACTICES, AND TORT IN ESSENCE. |

I. PRELIMINARY STATEMENT

1. This Complaint is filed under the AIR DEBT COLLECTIONS PRACTICES ACTS (15 USC §§ 1692 and CALIFORNIA CIVIL CODE § 1788 et seq).

II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

1

### III. PARTIES

3. The Plaintiffs, JOSEPH SANTORO and GRACE SANTORO, are natural persons, residing at 2413 Alexander Drive, Escondido CA 92029.

4. Defendant, COUNTRYWIDE FUNDING CORPORATION (herein after referred to as COUNTRYWIDE), is a Corporation engaged in the business of consumer lending at 400 Countrywide Way, SV-35, Simi Valley CA 93065.

5. Defendant, CTC FORECLOSURE SERVICES CORP aka COUNTRYWIDE TITLE CORPORATION (herein after referred to as CTC), is a Corporation engaged in the business of consumer lending at 400 Countrywide Way, SV-88, Simi Valley CA 93065.

### IV. FACTUAL ALLEGATIONS

6. On or about June 13, 1994, Plaintiff entered into a consumer credit transaction (hereinafter "the transaction") with Defendant in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant. Said transaction was the refinancing of the mortgage on Plaintiff's primary residence.

7. Upon falling into default, Plaintiffs contacted their counsel of record in this case, and attempted to rescind the loan under the terms of the Truth In Lending Act.

8. Defendants were contacted by Plaintiffs counsel, and informed that all contacts should go through said counsel.

9. Subsequent to this contact, Defendants performed the following contacts of Plaintiffs:

   a. Sending a letter form Country Wide Home Loans dated April 10, 1997 but postmarked May 15, 1997, in essence offering a work-out of the loan.

   b. Shortly thereafter, the Plaintiffs were visited at their home by Earl Gervais, who had come to inspect the property, claiming that he did not know that the property was occupied.

   c. On one other occasion, the Plaintiff, Joseph Santoro, came up from the back yard just in time to see someone measuring the property. When he asked them what they were doing they did not respond, but merely got into their truck and left.

   d. Plaintiffs were also sent no less than one nor more than two notices from Defendants as to the pending sale of the property in foreclosure.

3

## V. FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACTS

10.  Defendants violated the provisions of 15 U.S.C. § 1692c(a)(2) and CALIFORNIA CIVIL CODE § 1788.14(C) in that on at least two occasions Defendants continued to contact Plaintiffs after being notified that Plaintiffs were represented by counsel.

11.  As a result of the violations of 15 U.S.C. § 1692c(a)(2) and CALIFORNIA CIVIL CODE § 1788.14(c), Defendants are either individually or jointly liable to Plaintiffs for their actual damages and an additional sum of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000) for each violation of each body of law as provided in 15 U.S.C. § 1692k and CALIFORNIA CIVIL CODE § 1788.30.

## VII.   SECOND CAUSE OF ACTION
## Tort In Essence

12.  Plaintiffs incorporate the allegations in Paragraphs 1 through 11 above with the same force and effect as if herein set forth.

13.  This Court has supplemental jurisdiction to adjudicate all state causes pled herein by virtue of its jurisdiction as conferred by Congress as alleged in Paragraphs 1 through 12 in that it arises out of the same credit transaction (and collection

efforts thereunder) subject to Count I and is part of the same case or controversy.

14. Plaintiffs hereby allege that Defendants conduct setforth above constituted a violation of not only the laws cited above, but of CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 et seq and 17500 et seq, in that the acts constituted practices that were unlawful, unfair, and fraudulent as to Defendant's conduct following the rescission, and false and misleading statements at the time the mortgage was first negotiated and again upon Defendants' diregard of the rescision and continued actions to foreclose on Plaintiffs' property and then to evict them from that property prior to a determination that the rescision was either valid or invalid in this proceeding in violation of 15 USC § 1635, thereby constituting undue oppression and unfairness in that Plaintiffs were made to feel as though the instant proceedings lacked any substance, and increased the stress and pressure normally associated with such an action.

15. These violations were the direct cause of Plaintiff's damages that include but are not limited to Plaintiff's extreme frustration, embarrassment, and anxiety as a direct result of Defendants outrageous, malicious, and reckless acts and refusal to follow legal procedures required of them, coupled with the prospect of being wrongfully deprived of their home and primary asset.

1  16. These sections of the Business and Professions Code
2  were enacted to prevent this type of conduct and the foreseeable
3  damages setforth above were the kind the laws were enacted to
4  avoid, and Plaintiff's damages were the foreseeable results of
5  said violations.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Retain jurisdiction of this case;

2. Award actual damages in an amount to be established at trial.

9. Award the Plaintiff costs and a reasonable attorney's fee as provided under state and federal law;

10. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Attorney for Plaintiff

6

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing _____ and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, 19___, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                                    _____
Type or Print Name                                                                Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the county of SAN DIEGO, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 456 E. GRAND AVE. STE. 301 ESCONDIDO  CA  92025

On 05/08/98, 19___, I served the foregoing document described as AMENDED COMPLAINT, NOTICE OF MOTION AND MOTION FOR CERTIFICATION FOR APPEAL UNDER FEDERAL RULE 54(b) AND 28 USC 1291; NOTICE OF APPEAL; AND PROPOSED ORDER on DEFENDANTS in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

ATTN: SANFORD SHATZ
CAMERON & DREYFUS
1750 E. FOURTH STREET, STE 500
SANTA ANA   CA   92705-3923
FAXED: 714-972-1218

☒ BY MAIL

☒ *I deposited such envelope in the mail at ESCONDIDO, California.
The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at ESCONDIDO California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 08, 1998, 19___, at ESCONDIDO, California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____, 19___, at _____, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

LOUIS G. BRUNO                                                          _____
Type or Print Name                                                                Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)