USDC SCAN INDEX SHEET

















LMH    9/8/98    8:47

3:97-CV-01297    SANTORO V. CTC FORECLOSURES SVC

*64*

*O.*



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANTORO and GRACE SANTORO,<br><br>Plaintiffs,<br><br>vs.<br><br>CTC FORECLOSURE SERVICES CORP. aka COUNTRYWIDE TITLE CORP., a California Corporation, et al.,<br><br>Defendants. | CASE NO. 97CV1297-BTM(JFS)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND, AND MODIFYING COURT ORDER ENTERED ON APRIL 9, 1998 [lines 45, 49 and 59] |

### INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiffs motion for leave to file a second amended complaint.

Plaintiffs' Amended Complaint contains causes of action premised on the federal and state Fair Debt Collection Practices Act ("FDCPA") and the California Unfair Competition Act. Defendants Countrywide Funding Corporation a/k/a Countrywide Home Loans, Inc. ("Countrywide") and CTC Foreclosure Services Corp. a/k/a Countrywide Title Corp. ("CTC"), have moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss each of Plaintiffs' causes of action for failing to state a claim.

For the reasons set forth more fully below, Defendants' motion is GRANTED and Plaintiffs' motion is DENIED.



## BACKGROUND

On April 9, 1998, this Court issued its ruling on Defendants' motion for summary judgment ("Order"). It appears that in deciding Defendants' summary judgment motion, the Court committed a factual error which affected the portion of the Court's Order relating to Plaintiffs' federal FDCPA against the Defendants based on 15 U.S.C. § 1692c(a)(2). The Court incorrectly treated Defendant CTC as two separate entities — CTC Foreclosure Services Corp. and Countrywide Title Corp. — rather than one entity. This treatment resulted in the Court granting both Countrywide and Countrywide Title Corp. summary judgment on Plaintiffs' federal FDCPA claim, but denying CTC — the same entity as Countrywide Title Corp. — summary judgment on Plaintiff's federal FDCPA claim. The other rulings in the Court's Order — denying Defendants motion for summary judgment on Plaintiffs state FDCPA and Unfair competition claims and granting Defendants motion for summary judgment on Plaintiffs Truth In Lending and rescission claims — were not affected by the court's incorrect treatment of Defendant CTC.

Accordingly, pursuant to Federal Rules of Civil Procedure 54(b), this Court hereby modifies its order on April 9, 1998, in the following respects:

(1) On page 1, lines 22 - 26 are modified to read: "For the reasons set forth below, the motion is GRANTED as to plaintiffs' claims under the Truth In Lending Act, California's mortgage rescission provisions, the federal Fair Debt Collection Practices Act (as to defendant Countrywide only), and the California Unfair Practices Act. The motion is DENIED as to plaintiffs' state Fair Debt Collection Practices Act Claim;"

(2) On page 13, lines 7 - 8 are modified to read: "Even the remaining issue of contact after notification of representation under the federal statute, however, is settled by a preliminary issue for one of the defendants;"

(3) On page 13, lines 10 - 13 are modified to read: "As to the federal statute,

defendant Countrywide has made a convincing showing, barely addressed by plaintiff, that it is not a "debt collector" within the meaning of the statute and hence not subject to its provisions;"

(4) On page 13, lines 20 - 23 are modified to read: "As the Santoros' mortgage was not in default at the time that it was acquired by defendant Countrywide, Countrywide is not a "debt collector" under the federal statute. Judgment is therefore granted to Countrywide on the federal FDCPA claim;"

(5) On page 14, lines 4 - 6 are modified to read: "The debt collector definition in the state statute does apply to the Defendants, as it encompasses "any person who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection;" and

(6) On page 15, lines 6 - 7 is modified to read, "Summary judgment is also GRANTED as to defendant Countrywide on Plaintiffs' federal Fair Debt Collection Practices Act claim, but DENIED as to defendant CTC on Plaintiffs' federal Fair Debt Collection Practices Act claim."

The Court now turns to Defendants' motion to dismiss Plaintiffs' Amended Complaint for failing to state a cause of action.

### ANALYSIS

A.  Standard of Law

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. On a Rule 12(b)(6) motion, all allegations of material fact in the complaint are taken as true and are construed in the light most favorable

to the plaintiff. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). "Nonetheless, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994).

B.  **FDCPA Claims**

Plaintiffs allege that the Defendants have violated both 15 U.S.C. § 1692c(a)(2) and Cal.Civ.Code § 1788.14(c). Section 1692c(a)(2) of the federal FDCPA provides:

> Without the prior consent of the consumer given directly to the <u>debt collector</u> or the express permission of a court of competent jurisdiction, a <u>debt collector</u> may not communicate with a consumer in connection with the collection of any debt —
> ...
> (2) if the <u>debt collector</u> knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the <u>debt collector</u> or unless the attorney consents to direct communication with the consumer....

15 U.S.C. § 1692c(a)(2) (emphasis added).

Section 1788.14 of the Robbins-Rosenthal Fair Debt Collections Practices Act provides:

> No <u>Debt collector</u> shall collect or attempt to collect a consumer debt by means of the following practices:
> ...
> ...
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the <u>debt collector</u> has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney....

Cal.Civ.Code § 1788.14(c) (emphasis added).

Plaintiffs allege that the Defendants violated the federal and state FDCPA, because Defendants contacted them on at least two occasions after Defendants were notified that Plaintiffs were being represented by counsel.

Plaintiffs' Amended Complaint, however, fails to allege that either of the Defendants is a debt collector within the meanings of 15 U.S.C. § 1692a(1)(6) and Cal. Civ. Code §

1788.2(c). This missing factual allegation is fatal to Plaintiffs' federal and state FDCPA claims. Under both the federal and state FDCPA, communication with a debtor is of no consequence if the party making the communication is not a debt collector within the meaning of these statutes. 15 U.S.C. § 1692a(1)(6); Cal. Civ. Code § 1788.2(c).

Additionally, Plaintiffs' Amended Complaint does not allege facts to demonstrate that any of the Defendants, in the capacity as a purported debt collector, made any communications to Plaintiffs for the purpose of collecting a debt. Such a factual allegation is necessary to bring both Plaintiffs' federal and state FDCPA claims against the Defendants.

Accordingly, Plaintiffs have failed to state a cause of action for violation as to both the federal and state FDCPA and, as such, these claims must be dismissed.

C.  California Unfair Business Competition Act

Plaintiffs' third cause of action for "Tort In Essence" appears to actually be a claim brought under the California Unfair Business Competition Act, codified at Cal.Bus. & Prof. Code § 17200 et seq. and § 17500 et seq. Plaintiffs' have incorporated into their third cause of action their federal and state FDCPA allegations. As Plaintiffs have failed to allege causes of action under either the federal or state FDCPA, the incorporation of said allegations into Plaintiffs' third cause of action cannot support Plaintiffs' claim.

Plaintiffs remaining allegations advanced in support of their third cause of action are conclusory and merely reassert claims that have already been rejected — namely, claims based on Defendants conduct after Plaintiffs' attempted rescission.

Defendants' Motion is therefore granted with regard to Plaintiffs' California Unfair Competition claims.

D.  Plaintiffs Motion For Leave To Amend

Plaintiffs have moved for leave to amend their complaint to re-assert the allegations that Defendants' conduct after Plaintiffs' attempted rescission violated the federal and state FDCPA. These allegations have already been asserted and rejected by the Court's Order

entered April 9, 1998. Additionally, these allegations, which re-appeared in Plaintiffs' tort in essence cause of action have already been dismissed by the instant order. Plaintiffs' motion for leave to amend their complaint is therefore denied.

## CONCLUSION

For the reasons set forth above, it is hereby ordered:

(1) Defendants' motion to dismiss Plaintiffs Amended Complaint is GRANTED. Plaintiffs are given leave to file a second amended complaint for the limited purpose of alleging facts to demonstrate a claim against defendant CTC under 15 U.S.C. § 1692a(1)(6), and claims against both CTC and Countrywide under Cal. Civ. Code § 1788(2)(c), as well as corresponding violations under the California Unfair Business Competition Act;

(2) Plaintiffs' counter-motion for leave to amend their complaint to bring federal and state FDCPA and Truth In Lending Act claims based on Defendants' alleged conduct after Plaintiffs' attempted rescission is DENIED.

Additionally, this Court's April 9, 1998 Order is modified as follows:

(1) On page 1, lines 22 - 26 are modified to read: "For the reasons set forth below, the motion is GRANTED as to plaintiffs' claims under the Truth In Lending Act, California's mortgage rescission provisions, the federal Fair Debt Collection Practices Act (as to defendant Countrywide only), and the California Unfair Practices Act. The motion is DENIED as to plaintiffs' state Fair Debt Collection Practices Act Claim;"

(2) On page 13, lines 7 - 8 are modified to read: "Even the remaining issue of contact after notification of representation under the federal statute, however, is settled by a preliminary issue for one of the Defendants;"

(3) On page 13, lines 10 - 13 are modified to read: "As to the federal statute, defendant Countrywide has made a convincing showing, barely addressed by plaintiff, that it is not a "debt collector" within the meaning of the statute and hence not subject to its provisions;"

(4) On page 13, lines 20 - 23 are modified to read: "As the Santoros' mortgage was not in default at the time that it was acquired by defendant Countrywide, Countrywide is not a "debt collector" under the federal statute. Judgment is therefore granted to Countrywide on the federal FDCPA claim;"

(5) On page 14, lines 4 - 6 are modified to read: "The debt collector definition in the state statute does apply to the Defendants, as it encompasses "any person who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection;" and

(6) On page 15, lines 6 - 7 are modified to read, "Summary judgment is also GRANTED as to defendant Countrywide on Plaintiffs' federal Fair Debt Collection Practices Act claim, but DENIED as to defendant CTC on Plaintiffs' federal Fair Debt Collection Practices Act claim."

**IT IS SO ORDERED.**

DATED: September 3, 1998

HONORABLE BARRY TED MOSKOWITZ
United States District Court

Copies To:
Counsel of Record
Magistrate Judge Stiven